1    **WO**                                                                          RP

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Danny Garcia,                          )    No. CV-05-3126-PHX-SMM (BPV)
                                            )
10              Plaintiff,                   )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12                                           )
     Joseph M. Arpaio,                       )
13                                           )
                Defendant.                   )
14   _____    )
                                            )
15

16        Danny Garcia (Plaintiff), presently released, filed with the Clerk of the Court on October

17   6, 2005 a <u>pro</u> <u>se</u> "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint)

18   pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not paid the two hundred and fifty dollar

19   ($250.00) filing fee, but he has filed a certified "Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>

20   By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account

21   Statement" (Account Statement) with his Complaint.

22                                   **RETURNED MAIL**

23        On October 6, 2005, the Court filed a "Notice Of Assignment" (Document #2) (Notice),

24   which assigned this action to the undersigned Judge.  A copy of the Notice was mailed by

25   the Clerk of Court to Plaintiff at his last known address at the Towers Jail on October 7,

26   2005.  Then, on October 12, 2005, the envelope containing the copy of the Notice was

27   _____

28        [1]When Plaintiff filed the Complaint, he was confined in the Maricopa County Towers Jail
     in Phoenix, Arizona (Towers Jail).

1  returned to the Clerk of the Court with the notations "RETURNED TO SENDER" and "R/L

2  10/5/05."  Since then, Plaintiff has failed to file a Notice of Change of Address, or to in any

3  way notify the Court of his whereabouts.  Accordingly, the Clerk of the Court has been

4  unable to remail the copy of the Notice to Plaintiff.[2]

5      Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an incarcerated

6  litigant comply with the instructions attached to the Court-approved Complaint form.  Those

7  instructions state: "You must immediately notify the clerk ... in writing of any change in your

8  mailing address.  Failure to notify the court of any change in your mailing address may result

9  in the dismissal of your case."  (Information and Instructions for a Prisoner Filing Civil

10  Rights Complaint at 2).

11     Also, in its Notice the Court warned Plaintiff that "[f]ailure to comply with the following

12  rules will result in your document being STRUCK and/or your case being DISMISSED."

13  (Notice at 1).  One of the rules listed was that "[y]ou must file a Notice of Change of Address

14  if your address changes."  (Notice at 1).

15  **FAILURE TO PROSECUTE**

16     Plaintiff has the general duty to prosecute this case.  <u>Fidelity Philadelphia Trust Co. v.

17  Pioche Mines Consolidated, Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the

18  duty of a plaintiff who has filed a <u>pro se</u> action to keep the Court appraised of his or her

19  current address, and to comply with the Court's orders in a timely fashion.  This Court does

20  not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears

21  the burden of keeping the court apprised of any changes in his mailing address."  <u>Carey v.

22  King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of

23  his new address constitutes failure to prosecute.

24     Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

25  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

26  ─────────────────

27     [2]The website of the Maricopa County Sheriff does not show Plaintiff as being in the current
custody of the Maricopa Sheriff.  Also, the website of the Arizona Department of Corrections
28  (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

move for dismissal of an action."  In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case <u>sua sponte</u> for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are bound to be futile.  Here, as in <u>Carey</u>, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."  856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

1    **IT IS THEREFORE ORDERED** that the "Civil Rights Complaint By A Prisoner"

2  (Document #1) and this action are DISMISSED WITHOUT PREJUDICE pursuant to Rule

3  41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and the Clerk of the

4  Court is DIRECTED to ENTER JUDGMENT accordingly.

5

6    DATED this 7th day of November, 2005.

7

8

9                              _____

10                                   Stephen M. McNamee
                                Chief United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -